No. 1537. **McFadden** v. **Tant.** November Term, 1883. This was an action for claim and delivery of a horse, judgment being rendered for defendant by the trial justice, on January 9th, 1882. Plaintiff appealed to the Court of Common Pleas, where it was heard in November, 1882, plaintiff claiming a trial *de novo.* The presiding judge (Aldrich) ruled that, under the provisions of section 358 of the code of procedure, which went into effect on May 1st, 1882, the appeal must be heard on the original papers sent up by the trial justice, without a jury, and without the examination of witnesses. To this ruling plaintiff excepted, and his appeal being dismissed, he further appealed to this court, upon the ground, *inter alia,* that "his Honor erred in ruling that an appeal taken from a trial justice's court prior to May 1st, 1882, must be tried on the papers sent up from the inferior court." Upon this ground the judgment of the Circuit Court was reversed, this court holding that the change in the law of appeals from trial justices' courts, as enacted in section 358 of the code, did not apply to trials had before a trial justice prior to May 1st, 1882. Citing *Lynch's Code,* § 369; *Ex parte Graham,* 13 *Rich.* 283; *Nichols* v. *Briggs,* 18 *S. C.* 481, and that plaintiff was entitled to a trial *de novo* in the Circuit Court. OPINION by MR. JUSTICE McIVER, March 13th, 1884. *L. T. Izlar,* for appellant. No counsel *contra.*

No. 1538. **Donaldson** v. **Ward.** November Term, 1883. This was an action to recover the amount of an account for rice sold by plaintiff to defendant. A counter-claim was pleaded. Judgment was for defendant (Kershaw, J.), and a motion on a "case containing exceptions" was heard at the next term by Fraser, J., and refused. Plaintiff appealed upon the following grounds, only the first two of which were pressed in argument :

" 1. Because the verdict rendered in said cause is against both the law and the weight of evidence. 2. That the damages given by the jury in said cause are excessive, unreasonable and unjust. 3. That the verdict rendered by the jury is illogical. 4. That the defendant, while said trial was in progress, talked to one or more of the jurors, while the said trial was pending before said jury. 5. That one or more of the jurors who sat upon the jury had, before the trial, formed and expressed decided opinions

adverse to the interest of the plaintiff; this was unknown to plaintiff until after the trial. 6. That his Honor erred in charging the jury, ' That if they believed that the plaintiff had failed to perform her part of the contract in every particular, then the defendant was entitled to recover damages.' 7. Because his Honor should have granted the motion of plaintiff to strike out the first and second paragraphs of defendant's answer."

The judgment below was affirmed by this court, the exceptions being severally ruled upon as follows :

1 and 2. It is settled law that these matters are exclusively within the cognizance of the Circuit Court, and this court has no jurisdiction to hear or determine such questions.

3. No question of law is here presented, and therefore it need not be considered.

4 and 5. There is nothing stated in the " Case," by affidavit or otherwise, to establish the facts upon which these grounds are based ?

6. The charge as set out in the " Case " contains no such proposition, and therefore this ground needs no further notice.

7. It does not appear that any such motion was made, or, if made, upon what grounds based. The answer is not given, and, therefore, it is not known what were the first and second paragraphs. It is stated that defendant pleaded a general denial and a counter-claim, and no reason can be conceived why either of these defenses should have been stricken out. OPINION by MR. JUSTICE McIVER, March 13th, 1884. *C. R. Anderson*, for appellant. No counsel *contra*.

No. 1543. **Otis *v*. Brown.** November Term, 1883. This was an action by the executrixes of James Welsman, deceased, who died in 1870, for a construction of the will of their testator. This will gave to his daughters, Harriet and Emma, each one-fifth part of the residuum for life, with remainder " to such children as she should leave surviving her;" and if " she should die leaving no child or children surviving her, the said one-fifth part or share shall return to my estate, and be divided among the surviving devisees under my will, to be held by them, respectively, in the same manner as the shares devised to them are held." One-fifth was to be divided into two parts, one part whereof was to go to